**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA CONCEPCION GARCIA-TORRES, AKA Maria Concepcion Garcia, AKA Sandra Huerta-Rico, AKA Teresa Sanchez-Torres, | No. 17-72172 |
| Petitioner, | Agency No. A088-737-802 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2022[**]
Las Vegas, Nevada

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  KLEINFELD and BENNETT, Circuit Judges, and COGAN,[***] District Judge.

Petitioner Maria Garcia-Torres claims that the Board of Immigration Appeals (BIA) wrongly upheld the Immigration Judge's (IJ) adverse credibility determination that doomed her claims for asylum and withholding of removal.  She also claims that the BIA wrongly upheld the IJ's denial of relief under the Convention Against Torture for lack of record support.  We review such factual determinations for substantial evidence.  *Lalayan v. Garland*, 4 F.4th 822, 826 (9th Cir. 2021).  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

## I.  Substantial evidence supports the adverse credibility determination.

The BIA pointed to numerous discrepancies in Garcia-Torres' testimony.  First, Garcia-Torres testified that she was hopeful about coming to the United States because she had heard that the police protect women from domestic violence.  She contradicted that claim when she later testified that she failed to report her abusive partner "out of ignorance."  Second, Garcia-Torres testified that she traveled from Nevada to Washington to search for her abusive partner.  But she contradicted that claim when she later testified, implausibly, that she traveled from

[***]      The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

Nevada to Washington solely to find work. Third, after being asked repeatedly how many times she went to Washington, Garcia-Torres gave several inconsistent answers that she failed to reconcile. Finally, when Garcia-Torres was arrested, she was found to possess the driver's license and social security card of one Elizandra Ramirez. Garcia-Torres implausibly testified that she had found those documents and meant to return them. Because substantial evidence supports the BIA's adverse credibility determination, we need not reach the BIA's alternative ground, which addresses Garcia-Torres' social group.

## II. Substantial evidence supports the denial of CAT relief.

To qualify for relief under the Convention Against Torture (CAT), Garcia-Torres had to show that she would more likely than not be tortured in Mexico. 8 C.F.R. § 1208.16(c)(2). Given her adverse credibility determination, it was Garcia-Torres' burden to produce additional evidence. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). She pointed to no such evidence before the BIA, and does not do so now. The IJ had only the general report on country conditions, which did not suffice.

**PETITION DENIED**.